**FILED**

UNITED STATES DISTRICT COURT

MAY 15 2006

DISTRICT OF SOUTH DAKOTA



SOUTHERN DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

|  |  |  |
|---|---|---|
| CHARLES EDWARD KEITH, | * | CIV. 05-4175 |
|  | * |  |
| Petitioner, | * |  |
| -vs- | * | **REPORT and RECOMMENDATION** |
|  | * |  |
| DOUGLAS WEBER, Warden, | * |  |
|  | * |  |
| Respondent. | * |  |
|  | * |  |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Petitioner, Charles Edward Keith, an inmate at the South Dakota State Penitentiary, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 for a person in state custody.

## JURISDICTION

Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The mater was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Judge Piersol's Standing Order dated February 1, 2002.

## BACKGROUND

Petitioner is currently serving a sentence of thirty-five (35) years imprisonment in the South Dakota State Penitentiary pursuant to his convictions for first degree robbery (twenty-five years) and commission of a felony while carrying a firearm (ten years). He was sentenced on April 20, 1999. Petitioner appealed his conviction to the South Dakota Supreme Court. His conviction was affirmed on direct appeal. See State v. Keith, 608 N.W.2d 330 (S.D. 2000).

Petitioner was serving a sentence in Minnesota when he was convicted of the crimes for which he is currently serving his sentence in South Dakota. After his trial, conviction and sentencing in South Dakota, he returned to Minnesota to complete his Minnesota sentence. Petitioner returned to South Dakota in January, 2004, to begin his 35 year prison term. He filed his state habeas action on March 12, 2004 (Civ. No. 04-526, Second Judicial Circuit, Minnehaha County, South Dakota). Appointed counsel filed an Amended Petition on July 29, 2004, and an

evidentiary hearing was held on October 29, 2005. Judge William Srstka issued a written decision dated February 1, 2005, with corresponding Findings of Fact,   Conclusions of Law, and Order dated February 25, 2005, denying Petitioner's writ of habeas corpus.  Judge Srstka granted Petitioner's motion for certificate of probable cause, and Petitioner appealed the state circuit court's denial of his petition. The South Dakota Supreme Court summarily affirmed the Order on October 12, 2005.  See Keith v. Weber, 707 N.W.2d 130 (S.D. 2005).  Petitioner filed his federal habeas action on November 22, 2005.

Petitioner asserts two grounds for his pending federal writ of habeas corpus: (1) violation of the Interstate Agreement on Detainers; and (2) Ineffective Assistance of Counsel. The Court issued an Order dated December 20, 2005, instructing Petitioner to show cause why his petition should not be dismissed as  time barred pursuant to the provisions of the AEDPA, 28 U.S.C. § 2244(d). Petitioner filed an affidavit in which he stated:  after his April 20, 1999 sentencing, he was transferred back to prison in St. Cloud, Minnesota, where he remained until January, 2004. He was unaware of the AEDPA statute of limitations. He attempted to contact his trial counsel and various judges to secure a copy of his legal file, but was unsuccessful. Legal aid in the Minnesota DOC referred him to the South Dakota DOC for assistance with his South Dakota legal issues, but the South Dakota DOC legal assistance indicated they could not provide assistance until he came into the South Dakota correctional system. His absence from South Dakota made it impossible to know the grounds or law to file his case. He is unlearned in the law. The South Dakota DOC legal aid gave him "frivolous" information which gave him the false assumption his federal and state remedies would be preserved until he was within South Dakota's jurisdiction.

The Court issued an Order dated January 24, 2006, serving the Petition upon the Respondent and the Attorney General, requesting the Respondent to address the issue of the statute of limitations and whether the doctrine of equitable tolling applies. The Respondent has filed a motion to dismiss, asserting Petitioner's application is time-barred and equitable tolling is not warranted.

## DISCUSSION

The face of Petitioner's application  reveals his claims must be dismissed as untimely. Timeliness aside, Petitioner's claims cannot be sustained on their merits.  It is therefore recommended to the District Court that Petitioner's application for writ of habeas corpus be denied on its merits, and that no certificate of appealability be issued.

1.     **Timeliness**

Petitioner was convicted in the Second Judicial Circuit, Minnehaha County, South Dakota, on April 6, 1999 (CR. 98-4632). He appealed his conviction to the South Dakota Supreme Court, and the Conviction was affirmed on March 13, 2000. State v. Keith, 608 N.W. 2d. 330 (S.D. 2000). Petitioner did not appeal his conviction to the United States Supreme Court. A petitioner has one year from the time a state court judgment becomes final to apply for a federal writ of habeas corpus. 28 U.S.C. § 2244(d)(1)(A). A judgment is final "at the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for a writ of certiorari." Curtiss v. Mount Pleasant Correctional Facility, 338 F.3d 851, 852 (8th Cir. 2003) (citation omitted). By Supreme Court rule, a petitioner has 90 days from the date of entry of judgment in a state court of last resort to petition for certiorari. Id., Sup. Ct. R. 13. In this case, then, Petitioner had 90 days from March 13, 2000, or until June 12, 2000 to petition for certiorari. Petitioner's statute of limitations for filing his federal habeas claim began to run, then, on June 13, 2000, and expired on June 13, 2001.

28 U.S.C. § 2244(d) provides:

    **(1)**    A 1-year statute of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

        **(A)**    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        **(B)**    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such by State action;

        **(C)**    the date on which the constitutional right asserted was initially recognized  by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

3

**(D)**  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

**(2)**  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner filed a state habeas corpus action on July 28, 2004. The state habeas petition was denied by the circuit court on February 2, 2005, and by the South Dakota Supreme Court on October 12, 2005. While Petitioner's state habeas petition may have been timely pursuant to South Dakota law (See SDCL § 21-27-3.2), his state habeas was not filed in time to toll the federal statute of limitations. See generally, Painter v. State of Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001) ("a review of our cases makes clear, however, that the time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period."). See also Curtiss, 338 F.3d at 853 ("because the deadline for filing Curtiss's federal petition passed on April 13, 2000, his later filing for post-conviction relief in state court cannot act to toll the federal statute of limitations."). Petitioner's federal habeas petition is clearly time-barred pursuant to 28 U.S.C. § 2244(d).

**2.**    **Equitable Tolling**[1]

Petitioner asserts his failure to timely file a federal application should be excused by the doctrine of equitable tolling. The Eighth Circuit has recognized the one year AEDPA statute of limitations may be equitably tolled. Baker v. Norris, 321 F.3d 769, 771 (8th Cir. 2003). "[E]quitable tolling may be invoked only in limited circumstances, such as when extraordinary circumstances

---

[1] At first glance it would appear Petitioner could be excused from filing during the time he was incarcerated in Minnesota because "Custody is tested at the time of filing the petition. A person must be in custody under the conviction or sentence attacked at the time of filing." Weaver v. Pung, 925 F.2d 1097, 1099 (8th Cir. 1991). In this case, Petitioner, although tried and convicted in South Dakota in 1999, did not begin serving his sentence in South Dakota until 2004. Petitioner could have complied with the AEDPA one year statute of limitations nonetheless, because the Rules pertaining to Habeas Corpus make specific provisions for such cases. "A prisoner may bring a habeas petition attacking a conviction in another state which may subject him to *future* custody in that state." Byrd v. Martin, 754 F.2d 963, 965 (11th Cir. 1985) (emphasis added); Rule 1(a)(2), 28 U.S.C. fol. § 2254.

beyond a prisoner's control make it impossible to file a petition on time." Id. (citations omitted). Neither inadequate access to legal materials, ignorance of the law, or ineffective assistance of trial counsel qualify as such "extraordinary" circumstances which would make timely filing impossible. Id. Baker emphasized that "prisoners are not exempt from the principle that everyone is presumed to know the law and is subject to the law whether or not he is actually aware of the particular law of which he has run afoul. Ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing." Id. (citations omitted, internal punctuation altered).

Petitioner also asserts his inability to obtain legal materials from his former counsel or the court system as justification for equitable tolling. This too has been rejected as adequate cause by the Eighth Circuit and other courts. Jihad v. Hvass, 267 F.3d 803, 806 (8th Cir. 2001) (petitioner's affidavit detailing unsuccessful attempts to secure assistance from public defender, state trial court judge, and state trial court counsel, and tardy receipt of trial transcript did not excuse late filing). These are not the kind of extraordinary circumstances beyond Petitioner's control which entitle him to equitable tolling because "there is no constitutional right to counsel in seeking state post-conviction relief." Id. Petitioner's pre-filing efforts dealt with the type of obstacles "faced by many if not most habeas petitioners, and therefore Congress is presumed to have considered such equities in enacting a one-year limitations period." Id. at 107. See also Weibley v. Kaiser, 50 Fed. Appx. 399 (10th Cir. 2002) (unpublished, copy attached)[2]; Clark v. State of Oklahoma, 2006 WL 62843 (W.D. Okla.); Lindo v. LeFever, 193 F. Supp.2d 659 (E.D.N.Y. 2002); United States v. Van Poyck, 980 F. Supp.1108 (C.D. Cal. 1997).

Finally, Petitioner asserts he was denied access to the courts and appointment of counsel "due to frivolous information giving [sic] to me by the legal aid provided by South Dakota DOC, which gave me the false assuption [sic] that my federal and state remedies would be preserved until I was within South Dakota jurisdiction." See Doc. 9, ¶2. Petitioner does not explain what frivolous information he was given or why he thought his remedies would be preserved, other than to assert the South Dakota DOC legal aid stated it could not assist him while he was incarcerated in Minnesota. Id. at ¶ 1. Equitable tolling is appropriate where the defendant's conduct "lulls the

---

[2]Unpublished opinions have no precedential value in the Tenth Circuit pursuant to Tenth Circuit App. Rule 36.3, and are normally not cited. Weibley is cited here because of its similarity to the facts of this case and its persuasive value.

prisoner into inaction." Maghee v. Ault, 410 F.3d 473, 476 (8th Cir. 2005). See also 28 U.S.C. 2244(d)(1)B) (statute of limitations tolled during time which impediment created by state action remains, if such state action prevented prisoner from filing). The tolling doctrine should be applied in such circumstances only when some fault on the part of the defendant has caused the petitioner to file late. Maghee, 410 F.3d at 476. Petitioner has not cited conduct on the part of the state sufficient to "lull him into inaction" or to prevent him from filing his state habeas.

Petitioners are expected to diligently pursue their own post-conviction cases. Maghee at 476. Mr. Keith was in the best position to monitor his post-conviction proceedings, and none of the circumstances he has cited justify equitable tolling.

### 3. The Merits of Petitioner's Claims

Even if Petitioner had timely filed his federal habeas petition, it could not have been sustained on its merits. Petitioner raises two grounds for habeas corpus relief. He raised the same two  grounds in his state habeas application, which was dismissed by both the circuit court and the South Dakota Supreme Court. The state court's disposition of Petitioner's claims was not contrary to clearly established federal law[3]; the merits of both grounds will be briefly discussed.

### A. Violation of Interstate Agreement on Detainers

Petitioner asserts the trial court's violation of the Interstate Agreement on Detainers entitles him to habeas corpus relief. Petitioner submitted a request for final disposition of the South Dakota charges on August 1, 1998, while incarcerated in Minnesota. The request was delivered to South Dakota authorities on August 18, 1998, and Petitioner arrived in South Dakota on September 29,

---

[3]The federal courts are constrained by the Anti-Terrorism and Effective Death Penalty Act (AEDPA), to exercise only a "limited and deferential review of underlying state court decisions." Osborne v. Purkett, 411 F.3d 911, 914 (8th Cir. 2005) cert. den. 126 S.Ct. 1569 (2006). A federal court may not grant a writ of habeas corpus unless the state court's adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1). A state court decision is "contrary to" clearly established federal law if it "applies a rule that contradicts the governing law set forth in Supreme Court cases or if it confronts a set of facts that are materially indistinguishable from a decision of the Court and nevertheless arrives at a result different from the Court's precedent." Williams v. Taylor, 529 U.S. 362, 405-06, 120 S.C. 1495, 146 L. Ed.2d 389 (2000).

1998. Petitioner's trial on the South Dakota charges did not begin until April 5, 1999–230 days after Petitioner's written request for disposition, and 188 days after his arrival in South Dakota.

The Interstate Agreement on Detainers Act (IAD), 18 U.S.C. App. § 2, is a compact among 48 states, the District of Columbia, and the Federal Government. It allows a participating state to gain custody of a prisoner incarcerated in another jurisdiction in order to try him on criminal charges. Reed v. Farley, 512 U.S. 339, 341, 114 S.Ct. 2291, 2293 (1994). South Dakota has codified the IAD at SDCL Chapter 23-24A. SDCL § 23-24A-3 states:

> Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information, or complaint on the basis of which a DETAINER has been lodged against the prisoner, he shall be brought to trial within one hundred eighty days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of indictment, information or complaint; provided that for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance.

Petitioner's request for final disposition is not found in his criminal file (CR 98-4632) (the entire criminal file was received into evidence as EX 3 in the state habeas proceeding) but the form was received into evidence during the state habeas proceedings as EX F. Petitioner requested disposition of the South Dakota charges on August 18, 1998, and his South Dakota trial did not begin until April 5, 1999–beyond the 180 day requirement. See state habeas stipulated facts, EX 2.

Also relevant is SDCL § 23-24A-14, which provides in part: "trial shall be commenced within one hundred twenty days of the arrival of the prisoner in the receiving state, but for good cause shown in open court, the prisoner or his counsel being present . . ."[4] Petitioner arrived in South Dakota to face the pending charges on September 29, 1998, and his trial commenced on April 5, 1999. The time elapsed between September 29, 1998 and April 5, 1999 was 188 days. See stipulated facts.

Neither of the above IAD violations were brought to the attention of the state's attorney or the trial court judge at any time during Petitioner's criminal trial. Whether there was "good cause"

---

[4]SDCL § 23-24A-14 (the "120 day rule") is found in Article IV(c) of the Interstate Agreement on Detainers Act, 18 U.S.C. App. § 2.

for an extension of time or tolling of the IAD's time limits was never discussed. The IAD was apparently never considered by any of the parties to the proceedings until Petitioner filed his state habeas petition in 2004.

The state habeas court found "any violation of the IAD that may have occurred did not cause prejudice to the Defendant/Petitioner." See Conclusion of Law No. 33. The state habeas court based this finding on its observation that the delays in bringing Petitioner's case to trial were caused in part by Petitioner's requests for continuances, and for more time to prepare his alibi defense. Petitioner also apparently canceled a scheduled pre-trial conference and one jury trial date. See Conclusions of Law Nos. 24, 26, 29, 31, 32. The state habeas court's finding of no prejudice sufficient to warrant habeas relief is not contrary to, nor is it an unreasonable application of clearly established federal law.

A state court's failure to observe the time limitations of the IAD is not cognizable in a § 2254 habeas corpus action when the Petitioner did not raise any objection to his trial date until after the IAD deadlines had expired, and he suffered no prejudice attributable to the delayed trial. Reed v. Farley, 512 U.S. 339, 349, 114 S.Ct. 2291, 2297, 129 L.Ed.2d 277 (1994). While Petitioner asserts he was prejudiced because the lengthy trial process in South Dakota caused his Minnesota rehabilitation process to suffer, "he does not suggest that his ability to present a defense was prejudiced by the delay." Id. 512 U.S. at 353, 114 S.Ct. at 2299. "A showing of prejudice is required to establish a violation of the Sixth Amendment Speedy Trial Clause, and that necessary ingredient is entirely missing here." Id. The Court recognizes one of the basic purpose of the IAD is to prevent interference with the institutional care and rehabilitation (Crooker v. United States, 814 F.2d 75, 77 (1st Cir. 1987), but the purpose of § 2254 is to "check violations of federal laws when the error qualifies as a fundamental defect which inherently results in the complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure." Reed, 512 U.S. at 348, 114 S.Ct. at 2297. Thus, to show the prejudice necessary to prevail on his § 2254 claim, Petitioner must show the IAD violation caused a "fundamental defect" in his underlying criminal trial which caused a "miscarriage of justice." Lara v. Johnson, 141 F.3d 239, 242-43 (5th Cir. 1998). The only prejudice Petitioner alleged during his state habeas was that he was unable to complete an anger management and drug rehabilitation program within the Minnesota DOC (although he did complete his GED, painting and vocational training, and obtained some college credits). TR 14.

8

Interference with prison training programs is "regrettable" but does not rise to the level of a constitutional violation or a fundamental defect which causes a miscarriage of justice.    Cross v. Cunningham, 87 F.3d 586, 588 (1st Cir. 1996).[5]

### B.    Ineffective Assistance of Counsel

Petitioner asserts his trial counsel was ineffective for failing to seek dismissal of the South Dakota criminal charges based on the purported IAD violations.  To prove his counsel rendered ineffective assistance of counsel in violation of the Sixth Amendment, Petitioner must satisfy the two-pronged test outlined in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  He must first show his counsel's performance was deficient.  Id., 104 S.Ct. at 2052. To satisfy this first prong, Petitioner must overcome the strong presumption his counsel's conduct fell within the wide range of reasonable professional assistance.  Id. at 689, 104 S.Ct. at 2052.

Even if Petitioner's trial counsel performed deficiently, Petitioner's ineffective assistance claim cannot succeed in the absence of actual prejudice.  This too, is a difficult showing.  Petitioner must  prove there is a reasonable probability but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.  Id. at 694, 104 S.Ct. at 2052.  Petitioner must demonstrate counsel's errors were so serious that they rendered the proceedings "fundamentally unfair" or the result unreliable.  Bucklew v. Luebbers, 436 F.3d 1010, 1016 (8th Cir. 2006).  Counsel's judgment is measured against an objective measure of reasonableness; hindsight is discounted by evaluating adequacy based on the lawyer's  perspective at the time trial decisions were made, giving heavy deference to counsel's judgment.  Id.

The state habeas court cited the  Strickland standard, and concluded "it is difficult to say [Petitioner] would have had a different result at trial had his trial occurred within one hundred twenty days of his return to this state.  It is unlikely he would have had his defense prepared in order to conduct a trial within the statutory requirements of SDCL 23-24A."  See Conclusion of Law No. 42.  Judge Srstka concluded Petitioner did not show prejudice as a result of ineffective assistance

---

[5]See also Maggard v. Gammon, 197 F.Supp.2d 1321, 1331 (D. Kansas 2002) (denying prisoner's § 2254 petition based on violation of the  IAD's 120-day rule,  noting "Petitioner has not alleged the delay rendered his trial unfair or prevented him from mounting a defense.  Furthermore, in the extreme, there is no indication the delay lead to the conviction of an innocent man.  At best, the petitioner's situation reveals only a technical violation of the IAD."

of counsel, and that Petitioner was himself responsible in part for the delay in bringing his South Dakota criminal charges to trial in a more timely fashion. See Conclusion of Law No. 43.

Both Petitioner and his trial counsel testified at the state habeas evidentiary hearing. See transcript attached to Respondent's brief, Doc. 15. Petitioner explained he never waived his rights under the IAD, but the IAD was also never raised during his criminal proceedings in South Dakota. TR 11. Petitioner also confirmed he was, at least at some point during his pre-trial incarceration, contemplating pursuing an alibi defense. TR 14-15.

Petitioner's trial counsel testified that he remembered seeing the document signed by Petitioner, (EX F) in which Petitioner exercised his IAD rights and demanded his South Dakota charges be disposed of within 180 days of the written demand and/or 120 days of his physical arrival in South Dakota. He reviewed the statutes and was aware of the time constraints. TR 19. He decided not to raise the IAD time constraints for multiple reasons. His client wanted a trial. The original trial date was set for January-well within the time constraints. TR 20. Petitioner was then re-indicted and re-arraigned on additional charges in early December, 1998, and he assumed the new indictment would toll the IAD deadlines as it does for South Dakota's 180 day rule. Id. In other words, he assumed if the state was within the parameters of South Dakota's speedy trial statute, it was in compliance with the IAD as well. Id. Trial counsel discussed the South Dakota 180 day rule with Petitioner, but did not specifically discuss the IAD. TR 22.

Trial counsel testified that for some period of time, he and the Petitioner pursued the possibility of an alibi defense, and made a motion for additional time to do so. TR 22-23. As originally scheduled (the January trial date) counsel stated he would not have had enough time to put the alibi together. TR 28. Judge Srstka noted that in addition to the request for a continuance for more time to prepare an alibi, Petitioner also requested additional time to file motions, and for an Order to provide an investigator. See Finding of Fact No. 6. These motions were made in late December, 1998. See EX 3, p. 75-77. Judge Srstka also noted the pre-trial conference and a second scheduled jury date, both scheduled in early March, 1999, were postponed at Petitioner's request. See Finding of Fact No. 7. The motion and pre-trial hearing was held on March 29, 1999. See motion and pre-trial transcript.

One of the subjects discussed at the pre-trial hearing was several letters Petitioner wrote from the Minnehaha County Jail. See Motion and Pretrial TR at 19-24. The letters were addressed to,

10

among others, Petitioner's accomplice in the robbery. TR 164-179. The letters were dated in early February, 1999. TR 168. One of the letters stated, "they way things are looking, you'll be coming back to testify, but I'm not really sure yet. We will see how things go. But you know what to say, right, that basically I was in Minnesota and that you met me at a girl's house around 2:00 to 3:00 a.m. . . ." TR 176. Another letter, written on February 12, 1999 by Petitioner to James Johnson, (See state habeas file, EX 3, p. 12-15) states "I told my Att. To subenia you and Lavell ASAP. I mean I really got on his ass about it, I told him I wanted copies of the subpenias as soon as they were served. . . . .Nate took Stacie's check and the van and left, so if you talk to E tell him to say that it was Nate with him. Bro I should've just did away with him in 97. I probably wouldn't be here in jail today?! But o-well I'm going to try to frame him and put him away for life." The evidence received during the state habeas evidentiary hearing and during the underlying criminal trial clearly indicates Petitioner was, at least until mid-February, 1999, urging his attorney to pursue the alibi defense.

The focus of the state habeas hearing was whether there was an in-court hearing regarding whether a continuance should be granted under the IAD for "good cause " TR 22. A showing of good cause in open court, however, is not the only manner in which the 180 day rule or the 120 day rule may be excused. New York v. Hill, 528 U.S. 110, 120 S.Ct. 659, 145 L.Ed.2d 560 (2000). Defense motions, for example, toll the time limits during their pendency. Id., 528 U.S. at 112, 120 S.Ct. at 663. See also United States v. Neal, 36 F.3d 1190, 1210 (1st Cir. 1994) (article VI(a) of the IAD provides the 120 day clock is tolled "whenever and for as long as the prisoner is unable to stand trial" which includes time it takes for the court to resolve matters raised by the defendant who is claiming rights under the IAD."); Knox v. Wyoming Dept. Of Corrections, 34 F.3d 964, 966 (10th Cir. 1994) ("several circuits have concluded that the Article VI phrase "unable to stand trial" excludes from consideration all periods of delay attributable to the prisoner including the time between filing and ruling upon most pretrial defense motions."). SDCL § 23-24A-15 embodies the "unable to stand trial" language of Article VI(a) of the IAD.

In this case, the state made a motion for demand of intent to offer alibi defense when the superceding indictment was handed down on December 3rd, 1998. Pursuant to South Dakota law (SDCL § 23A-9-1) Petitioner was required to serve upon the prosecution written notice of his intent to offer an alibi, and further provide the specific place or places Petitioner claimed  he was at the

time of the crime, and the names and addresses of the witnesses upon whom he intended to establish such an alibi.   December 23rd was the deadline specified by the Court for the Petitioner to provide the information.  See Arraignment Hearing Transcript, p.3.  But on December 23 rd, Petitioner's counsel  filed a motion for an extension of time to respond to the alibi defense and other pre-trial continuance motions.

That Petitioner may not have been present and did not explicitly consent to an extension of the 120 day or 180 day requirements of the IAD is of no moment.  In Hill, the Supreme Court noted

> as to many decisions pertaining to the conduct of the trial, the defendant is deemed bound by the act of his lawyer-agent and is considered to have notice of all the facts . . .absent a demonstration of ineffectiveness, counsel's word on such matters is the last. . . Scheduling matters are plainly among those for which agreement by counsel generally controls . . . only counsel is in a position to assess the benefit or detriment of the delay to defendant's case.  Likewise, only counsel is in a position to assess whether the defense would even be prepared to proceed any earlier.  Requiring express assent from the defendant himself for such routine and often repetitive scheduling determinations would consume time to no apparent purpose.

Hill, 528 U.S. at 115, 120 S.Ct. at 664.     The Supreme Court affirmed the New York trial court, which held "defense counsel's explicit agreement to the trial date set beyond the statutory period constituted a waiver or abandonment of defendant's rights under the IAD."  Id., 528 U.S. at 113, 120 S.Ct. at 663.

Petitioner has failed to show the outcome of his state criminal trial would have been different if his trial counsel had moved for dismissal under the IAD, because clearly established law provides that Petitioner waived the time limitations of the IAD by persisting in pursuing the alibi defense (at least into early February) and, through his attorney, agreeing to continuances and trial dates which exceeded the deadlines.  See United States v. Coffman, 714 F. Supp. 478, 481 (D. Kansas 1989) (counsel did not err by failing to assert a violation of the IAD and defendant suffered no prejudice from counsel's performance since the IAD was not violated.  Counsel's failure to raise a nonmeritous defense could not have caused the defendant any harm.  Had counsel raised this issue, the court would have rejected this defense.").

The state habeas court found Petitioner "failed to show that any violation on the Interstate Agreement on Detainers resulted in prejudice," that " Defendant/Petitioner contributed to any delay for a speedy trial," and that Petitioner "failed to show prejudice as a result of ineffective assistance of counsel."  See Conclusions of Law 43, 44.  The state court's application of federal law was

12

reasonable. Even if Petitioner's claims were not time-barred, therefore, this court could not properly grant habeas corpus. <u>Osborne v. Purkett</u>, 411 F.3d 911, 914 (8th Cir. 2005) <u>cert. den.</u> 126 S.Ct. 1569 (2006) (A federal court may not grant habeas corpus unless the state court's adjudication of the claim resulted in a decision that was contrary to, or resulted in an unreasonable application of clearly established Federal law.").

### 4.     Certificate of Appealability

Petitioner has failed to make a "substantial showing of the denial of a constitutional right" and thus a certificate of appealability should not be issued in this case. 28 U.S.C. § 2253(c)(2). Although 28 U.S.C. § 2253(c)(2) has been found to be "only a modest standard," Petitioner has not shown that "the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement or to proceed further.'" <u>Randolph v. Kemna</u>, 276 F.3d 401, 403 n.1 (8th Cir. 2002) (citations omitted).

## CONCLUSION

The statute of limitations expired for Petitioner's federal habeas claim on June 13, 2001. His claim is time-barred pursuant to the one year statute of limitations of 28 U.S.C. § 2244(d). Petitioner's timely filing of his state habeas claim cannot save the late filing of his federal claim. Equitable tolling does not apply in this case; Petitioner's inability to obtain legal counsel or access to his file materials are problems common to many if not most prisoners and do not amount to extraordinary circumstances which would justify equitable tolling. Even if his claims were not time barred, they should be dismissed on their merits. The United States Supreme Court has decided a violation of the Interstate Agreement on Detainers Act is not cognizable in habeas when the Petitioner did not raise any objection to his trial date until after the IAD time deadlines had expired, and the Petitioner suffered no prejudice as a result of the delay. Petitioner suffered no constitutional prejudice in this case. Likewise, Petitioner has not shown his counsel was ineffective. Because the delays in Petitioner's trial were caused by continuances requested to prepare for trial and pursue a strategy at Petitioner's behest, any effort trial counsel would have made to dismiss Petitioner's charges based on IAD violations would have been fruitless. The state court's determinations were not an unreasonable application of clearly established federal law. Based on the foregoing, the Court respectfully makes the following:

## RECOMMENDATION

(1)     Petitioner's application for writ of habeas corpus (Doc. 1) be DENIED with prejudice;

(2)     No certificate of appealability be issued;

(3)     Respondent's motion to dismiss (Doc. 14) be GRANTED.

## NOTICE TO PARTIES

The parties have ten (10) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained.  Failure to file timely objections will result in the waiver of the right to appeal questions of fact.  Objections must be timely and specific in order to require de novo review by the District Court.

Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990)
Nash v. Black, 781 F.2d 665 (8th Cir. 1986)

Dated this 15 day of May, 2006.

BY THE COURT:

John E. Simko
United States Magistrate Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: Sharon Lowe
(SEAL)        DEPUTY

14

50 Fed.Appx. 399
50 Fed.Appx. 399
(Cite as: 50 Fed.Appx. 399)
**C**

Briefs and Other Related Documents

This case was not selected for publication in the Federal Reporter.

Please use FIND to look at the applicable circuit court rule before citing this opinion. Tenth Circuit Rule 36.3. (FIND CTA10 Rule 36.3.)

United States Court of Appeals,
Tenth Circuit.
Russell N. WEIBLEY, Jr., Petitioner-Appellant,
v.
Stephen KAISER, Warden, Respondent-Appellee.
No. 02-5063.

Nov. 6, 2002.

Petitioner convicted of murder petitioned for habeas corpus relief. The United States District Court for the Northern District of Oklahoma denied relief. Petitioner sought certificate of appealability (COA). The Court of Appeals, Lucero, Circuit Judge, held that: (1) failure of petitioner's attorney to represent him during state post-conviction appeals did not warrant equitable tolling of one-year period for filing federal habeas application; (2) alleged withholding of legal materials from petitioner was not impediment within meaning of statute providing that limitations period commences on date of removal of impediment to filing application created by state action is removed; (3) alleged insufficient access to law library did not warrant equitable tolling; and (4) state court's alleged maintenance of "control" over petitioner's case did not warrant equitable tolling.

COA denied.

West Headnotes

[1] Habeas Corpus ☞603
197k603
Petitioner's murder conviction became final, for purposes of Antiterrorism and Effective Death Penalty Act's (AEDPA) one-year limitations period for seeking federal habeas corpus relief, at the latest 90 days after Oklahoma Court of Criminal Appeals (OCCA) denied his petition for rehearing. 28 U.S.C.A. § 2244(d)(1).

[2] Habeas Corpus ☞603
197k603
Antiterrorism and Effective Death Penalty Act's (AEDPA) one-year period for seeking federal habeas relief was tolled between date when petitioner properly filed state application for post-conviction relief, and date that was 30 days after petitioner could have filed appeal of state court's denial of his application. 28 U.S.C.A. § 2244(d)(2)

[3] Habeas Corpus ☞603
197k603
Antiterrorism and Effective Death Penalty Act's (AEDPA) one-year period for seeking federal habeas relief was tolled between date when petitioner filed request with state court for out-of-time appeal of denial of post-conviction relief and date when such court affirmed denial of his application for post-conviction relief. 28 U.S.C.A. § 2244(d)(2).

[4] Habeas Corpus ☞603
197k603
Failure of petitioner's attorney to represent him during his state post-conviction appeals did not warrant equitable tolling of one-year period for filing federal habeas application, particularly because there was no federal constitutional right to counsel in collateral proceedings. 28 U.S.C.A. § 2244(d)(1).

[5] Habeas Corpus ☞603
197k603
Prison officials' alleged withholding of legal materials from petitioner was not impediment within meaning of statute providing that limitations period for filing federal habeas petition commences on date of removal of impediment to filing application created by state action, absent facts demonstrating how alleged denial of materials impeded petitioner's ability to file federal habeas petition. 28 U.S.C.A. § 2244(d)(1)(B).

[6] Habeas Corpus ☞603
197k603
Petitioner's alleged insufficient access to law library, if proven, would not warrant equitable tolling of one-year period for seeking federal habeas relief. 28 U.S.C.A. § 2244(d)(1).

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

50 Fed.Appx. 399
(Cite as: 50 Fed.Appx. 399)

[7] Habeas Corpus ⚖═603
197k603
Equitable tolling of one-year period for seeking federal habeas relief was not warranted by state court's alleged maintenance of "control" over petitioner's case, after he failed to include affidavit for in forma pauperis status, with result that petitioner was prevented from filing appeal in time, inasmuch as limitations period would not be tolled during pendency of improperly filed application, and any delay was due solely to petitioner's error. 28 U.S.C.A. § 2244(d)(2).
*400 Russell N. Weibley, Jr., Lawton, OK, for Petitioner-Appellant.

Before EBEL, LUCERO, and HARTZ, Circuit Judges.

### ORDER AND JUDGMENT [FN*]

FN* The case is unanimously ordered submitted without oral argument pursuant to Fed. R.App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

LUCERO, Circuit Judge.

Pro se petitioner Russell Weibley, an Oklahoma state prisoner, seeks a certificate of appealability ("COA") pursuant to 28 U.S.C. § 2253(c) to challenge the district court's dismissal of his petition for a *401 writ of habeas corpus as time-barred under 28 U.S.C. § 2244(d), and to challenge the district court's denial of his "Motion to Set Aside Order, Amend Findings and to Grant Relief from Judgment Entered Herein."   We conclude that petitioner has not demonstrated extraordinary circumstances warranting equitable tolling of the period of limitation, and we deny a COA.

Weibley was convicted of First Degree Murder and received a life sentence without the possibility of parole.   He appealed his conviction to the Oklahoma Court of Criminal Appeals ("OCCA") and on July 8, 1998, the OCCA upheld his conviction and sentence.   Weibley filed a pro se petition for rehearing that was denied by the OCCA on August 11, 1998.   He attempted to file a "Motion to Reconsider" but it was returned to him

with an advisement that "the mandate issued on 8-14-98, and it is a final order so I am returning your motion as I can not file anything after the mandate."  (R. Doc.15 at Exhibit E.)  Weibley did not file a petition for writ of certiorari in the United States Supreme Court.

Weibley filed a petition for a writ of habeas corpus in the OCCA on September 18, 1998, and by order dated October 2, 1998, the OCCA declined jurisdiction over it because he had failed to file his petition in the appropriate state district court. After his request for "case records" and "transcripts of arraignment hearings" was denied by the state district court, Weibley filed a petition for writ of mandamus in the OCCA. On April 27, 1999, the OCCA declined jurisdiction.

Weibley filed an application for post-conviction relief in state court on August 30, 1999, which was denied on February 7, 2000.   Over a month later, on March 28, 2000, he appealed to the OCCA, but the OCCA dismissed the appeal as untimely on April 27, 2000.   Subsequently, the OCCA granted Weibley's request for a post-conviction appeal out of time, but affirmed the state district court's denial of post-conviction relief on July 31, 2000. Weibley filed his federal habeas application on September 5, 2000. [FN1]   The district court dismissed his § 2254 petition as time-barred and denied his motion to set aside the order.

FN1. Weibley's federal habeas application was received by the district court on September 11, 2000, but pursuant to the 'mailbox rule' announced in *Houston v. Lack,* 487 U.S. 266, 276, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), a pro se prisoner's papers are considered filed when given to prison authorities for mailing to the appropriate court.

We may issue a COA only if an applicant "has made a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2). Meeting this standard requires "a demonstration that ... includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.' " *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983)).   We review the legal

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

50 Fed.Appx. 399

(Cite as: 50 Fed.Appx. 399, *401)

Page 3

conclusions of a district court in a habeas proceeding de novo. *Martin v. Kaiser*, 907 F.2d 931, 933 (10th Cir.1990). Because Weibley filed his application for a COA pro se, we construe his petition liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (per curiam).

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), prisoners generally have one year from the date on which their convictions become final to petition for federal habeas corpus relief. 28 U.S.C. § 2244(d)(1). A conviction becomes final "by the conclusion of direct review or the expiration of the *402 time for seeking such review." § 2244(d)(1)(A). The one-year period of limitation is tolled or suspended during the pendency of a state application for post-conviction relief *properly filed* during the limitations period. § 2244(d)(2). Also, the one-year period is subject to equitable tolling in extraordinary circumstances. *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir.1998).

[1][2][3] For purposes of § 2244(d)(1)(A), Weibley's conviction became final at the latest on November 10, 1998, ninety days after the OCCA denied his petition for rehearing. *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir.2001) (holding that a conviction becomes final for habeas purposes when the ninety-day period for filing a petition for a writ of certiorari to the United States Supreme Court has expired); Sup.Ct. R. 13. [FN2] Absent tolling, Weibley's application for habeas corpus had to be filed within one year, by November 10, 1999, in order to be timely under AEDPA. Pursuant to § 2244(d)(2), however, the limitations period was tolled between August 30, 1999, when Weibley properly filed his state application for post-conviction relief, and March 8, 2000, thirty days after Weibley could have filed an appeal of the state court's denial of his application. *See Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir.2000) (holding that the statute is tolled for the thirty days during which petitioner could have filed an appeal of the state court's denial of his application for post-conviction relief). Thereupon the limitations period resumed running, but pursuant to § 2244(d)(2) it was again tolled from May 8, 2000, when Weibley filed a request for an appeal out of time, until July 31, 2000, when the OCCA affirmed the denial of his application. Weibley thus had to file his petition by August 11,

2000, to meet the one-year deadline imposed by § 2244. Because he failed to file his federal habeas petition until September 5, 2000, absent equitable tolling his petition was untimely.

> FN2. Weibley argues that the three motions he filed between July 1998 and October 1998 tolled the statute and that the relevant starting date for the one-year period is January 2, 1999, which is ninety days after the OCCA refused jurisdiction of his state habeas petition on October 2, 1998. This argument has no merit, however, because there is nothing to toll before November 10, 1998. As our citation to *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir.2001), above, makes clear, ninety days are tacked on from the date a petitioner can file for a writ of certiorari in the United States Supreme Court, which in this case was August 11, 1998.

In his "Application for COA and Opening Brief," Weibley argues that we should "ignore the procedural bar that has been attached to this case" and remand the case back to the federal district court. (Opening Br. at 2.) Because Weibley is proceeding pro se, we liberally construe his arguments as a claim that the one-year period of limitations should be equitably tolled. *See Haines*, 404 U.S. at 520-21, 92 S.Ct. 594. Weibley's arguments for equitable tolling boil down to the following: (1) his attorney "jumped ship" on July 8, 1998, after the OCCA upheld his conviction (Opening Br. at 10); (2) he was "continually denied" his legal records and transcripts from December 9, 1999 to August 23, 2000 (*id.* at 17); (3) he had only limited access to a law library; (4) the OCCA "held control over the case" after he failed to include an affidavit for in forma pauperis status and thus he was ultimately prevented from filing an appeal in time (*id.* at 24); and (5) he is actually innocent of his crime of conviction.

[4] His first argument--that his attorney "jumped ship"--fails because Weibley merely expresses disenchantment with the *403 fact that his attorney did not represent him during his post-conviction appeals. Weibley's "allegation" is simply not an extraordinary circumstance that might warrant equitable tolling, particularly because there is no federal constitutional right to counsel in collateral proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987).

[5] Weibley's second argument--that prison officials withheld his legal materials--is better

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

50 Fed.Appx. 399
(Cite as: 50 Fed.Appx. 399, *403)

Page 4

analyzed as an impediment under § 2244(d)(1)(B) (providing that the limitations period commences on "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, *if the applicant was prevented from filing by such state action.*" (emphasis added)). Weibley's claim is insufficient because he does not allege specific facts that demonstrate how his alleged denial of these materials impeded his ability to file a federal habeas petition. *See also Miller,* 141 F.3d at 978 (rejecting § 2244(d)(1)(B) claim of impediment to legal materials because of lack of specificity with regard to alleged lack of access).

[6] His third argument--that he had insufficient library access--must also fail because allegations regarding insufficient library access, standing alone, do not warrant equitable tolling. *See id.* at 978 (finding that lack of access to case law does not warrant equitable tolling).

[7] Weibley's fourth argument--that the OCCA maintained "control" over his case and delayed his filing of an appeal--fails because we cannot fathom how OCCA's "control" of his post-conviction appeal might be an exceptional circumstance warranting equitable tolling of the limitations period. Pursuant to § 2244(d)(2), a habeas petitioner is statutorily entitled to tolling of the limitations period where he has "properly filed" an application for state post-conviction relief. It would be odd indeed if we were to equitably toll the limitations period during the pendency of an *improperly* filed application-- as Weibley asks us to do here with respect to his improperly filed appeal to the OCCA. We decline Weibley's request in this regard. Moreover, we note that any delay was due solely to Weibley's own error. *Cf. Gibson,* 232 F.3d at 808 ("Equitable tolling would be appropriate, for example ... when an adversary's conduct--or other uncontrollable circumstances--

prevents a prisoner from timely filing ....").

Weibley's final argument--that he is actually innocent--fails because he does not make a colorable claim of actual innocence. Weibley makes only conclusory allegations regarding his innocence and provides no analysis or specific facts to warrant equitable tolling. *See Schlup v. Delo,* 513 U.S. 298, 324, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995) (holding that a petitioner must support his allegations of innocence with "new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial").

Weibley does not allege circumstances warranting equitable tolling, and we conclude that his federal habeas petition is time-barred. Because reasonable jurists could not debate whether his petition for habeas relief should have been resolved in a different manner, his application for a COA is DENIED, and this matter is DISMISSED. [FN3]

> FN3. Weibley's "Request for Leave to Supplement the Appeal Brief and Certificate of Appealability" is denied. He alleges that he has been isolated in a segregation cell and was forced to handwrite his argument without the assistance of a law library or legal personnel. However, Weibley does not explain how additional time to supplement his brief would buttress his arguments regarding tolling of the statute of limitations.

The mandate shall issue forthwith.

50 Fed.Appx. 399

Briefs and Other Related Documents (Back to top)

. 02-5063 (Docket) (May. 20, 2002)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.